**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Lirit A. King, Esq. (SBN 252521)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone:  (805) 270-7100
Facsimile:  (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
lking@bradleygrombacher.com

Attorneys for Plaintiff, KATHARINE COUTURE individually
and on behalf of all others similarly situated

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHARINE COUTURE, individually and on behalf of other individuals similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SEPHORA USA, INC., a Michigan corporation, and DOES 1-100 inclusive, <br><br> Defendants. | CASE NO. 3:20-cv-2106-JCS <br><br> **CLASS ACTION** FIRST AMENDED **COMPLAINT FOR:** <br><br> 1. **Unlawful Misclassification of Non-Exempt Employees as Exempt Employees in Violation of California** *Labor Code* **§ 515;** <br><br> 2. **Failure to Provide Adequate Seating in Violation of California** *Labor Code* **§ 1198;** <br><br> 3. **Missed Meal Breaks in Violation of California** *Labor Code* **§§ 200, 226.7, 512;** <br><br> 4. **Failure to Furnish an Accurate Itemized Wage Statement in Violation of California** *Labor Code* **§ 226;** <br><br> 5. **Violations of California** *Business & Professions Code* **§§ 17200,** *et seq.* **; and,** <br><br> 6. **Penalties Pursuant to California Labor Code §§ 2698-2699, et. seq. for violations of Labor Code §§ 200, 226, 226.7, 512, 515, 1198.** <br><br> **DEMAND FOR JURY TRIAL** |

1

Plaintiff KATHARINE COUTURE (hereinafter referred to as "Plaintiff"), hereby submits her Class Action First Amended Complaint against Defendant SEPHORA USA, INC., a Michigan corporation, and DOES 1-100 (hereinafter collectively referred to as "Defendant") on behalf of herself and the class of all other similarly situated current and former employees of Defendant as follows:

## INTRODUCTORY FACTUAL ALLEGATIONS

1. This class action is within the Court's jurisdiction under California *Labor Code* §§ 200, 226.7, 512, 515, and California *Business and Professions Code* § 17200, *et seq*., (Unfair Practices Act).

2. This is an enforcement action under the Labor Code Private Attorneys General Act of 2004, California Labor Code §2698 et seq. ("PAGA") to recover civil penalties and any other available relief on behalf of Plaintiff, the State of California, and former and current non-exempt employees of Defendant doing business and employing individuals in California.

3. Plaintiff brings this action against Defendant for engaging in a uniform policy and systematic scheme of wage abuse against their salary paid employees in California. This scheme involved, *inter alia*, misclassifying the "Service Managers", including Plaintiff as "exempt" managerial/administrative employees for purposes of the payment of overtime compensation when, in fact, they were "non-exempt" non-managerial employees according to California law Plaintiff seeks relief on behalf of herself and the members of the Plaintiff Class as a result of employment policies, practices and procedures more specifically described below, which violate the California *Labor Code*, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards.  Said employment policies, practices and procedures are generally described as follows:

a. Failure to correctly classify Plaintiff and members of the Plaintiff Class as "non-exempt" employees;

2

b.  Failure to provide Plaintiff and members of the Plaintiff Class with adequate seating;

c.  Failure to provide Plaintiff and members of the Plaintiff Class with meal breaks; and

d.  Failure to furnish accurate wage statements.

4.  Plaintiff is informed and believes, and based thereon alleges, Defendant has engaged in, among other things a system of willful violations of the California *Labor Code*, California *Business and Professions Code*, and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

5.  The policies, practices and customs of Defendant described above and below have resulted in unjust enrichment of Defendant and an unfair business advantage over businesses that routinely adhere to the structures of the California *Labor Code*, and California *Business and Professions Code*.

6.  This matter is brought as a class action pursuant to California *Code of Civil Procedure* §382, on behalf of Plaintiff and the Plaintiff Class, which is defined more specifically below, but which is comprised, generally, of all former and current employees of Defendant SEPHORA USA. INC., a Michigan corporation who hold or held the job positions which Defendant misclassified as "exempt" at any of Defendant's facilities in California and throughout the United States, and all former and current employees of Defendant who hold or held the job positions in which Defendant classified as "non-exempt."

7.  This Complaint alleges systematic violations of the California *Labor Code* (hereinafter, "*Labor Code*,") and California *Business & Professions Code* and is brought by Plaintiff on her own behalf and on behalf of the members of the Plaintiff Class.

8.  The California Plaintiff "Class Period" is defined as the period from four years prior to the filing of this action through and including the date judgment is

3

1    rendered in this matter. Plaintiff herein reserves the right to amend this Complaint to

2    reflect a different Class Period as discovery in this matter proceeds.

3        9.    The actions of Defendant are in violation of the California *Labor Code* as

4    well as the wage orders of the Industrial Wage Commission of the State of California

5    and, as a result, are unlawful and unfair acts, thus constituting a violation of California

6    *Business & Professions Code* § 17200, et seq. (Unfair Practices Act).

7        10.    The policies, practices and customs of Defendant described above and

8    herein have resulted in unjust enrichment of Defendant and an unfair business advantage

9    over businesses that routinely adhere to the requirements of the California *Labor Code*,

10   and of the *Business & Professions Code*.

11                    **JURISDICTION AND VENUE**

12       11.    This class action is brought pursuant to Rule 23 of the Federal Rules of

13   Civil Procedure. The Court has jurisdiction over this action pursuant to 28 U.S.C §

14   1332 (d) and based on 28 U.S.C § § 1441 (b) and 1446. Venue is proper in this Court

15   because the acts which give rise to this litigation occurred in the County of Los

16   Angeles and Defendant does business in the County of San Francisco.

17               **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

18       12.    Plaintiff has complied with the procedures for bringing suit specified in

19   California *Labor Code* § 2699.3.

20       13.    By letter dated March 24, 2020, required notice was provided to Labor and

21   Workforce Development Agency ("LWDA") and Defendant of the specific provisions

22   of the California *Labor Code* alleged to have been violated, including the facts and

23   theories to support the alleged violations.

24       14.    More than sixty-five (65) days have passed since the date the notice was

25   mailed to Defendant and the LWDA.  The LWDA has not notified Plaintiff that it

26   intends to investigate the allegations herein.

27   ///

28   ///

4

CLASS ACTION FIRST AMENDED COMPLAINT

## THE PARTIES

15.    Plaintiff KATHARINE COUTURE ("Plaintiff") is a resident of Ventura County, in the State of California. Plaintiff is employed by Defendant in Los Angeles County, California, as a "Service Manager," at the Hollywood and Highland location.

16.    SEPHORA USA. INC., is a Michigan corporation that does business in California.

17.    Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes, and based thereon alleges, that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

18.    At all times herein mentioned, Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

19.    Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein were the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and were acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

20.    At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and

acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

21.     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

22.     The members of the Plaintiff Class, including the representative Plaintiff named herein, have been employed during the Class Period in California. The practices and policies which are complained of by way of this Complaint are enforced throughout the State of California and the United States.

## **FACTUAL ALLEGATIONS**

23.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

24.     Plaintiff and the members of the Plaintiff Class seek compensation from Defendant for the relevant time period because Defendant:

> a.  Failed to correctly classify Plaintiff and members of the Plaintiff Class as "non-exempt" employees;
>
> b.  Failed to provide Plaintiff and members of the Plaintiff Class with adequate seating;
>
> c.  Failed to provide Plaintiff and members of the Plaintiff Class with meal breaks; and
>
> d.  Failed to provide Plaintiff and members of the Plaintiff Class with accurate, itemized wage statements.

25.     Defendant has engaged in, and continues to engage in, unfair business practices in California by practicing, employing and utilizing the employment practices and policies outlined above.

26.     Defendant's utilization of such unfair business practices deprives Plaintiff and Class members of the general minimum working standards and entitlements due to them under California law and the Industrial Welfare Commission wage orders as described herein.

27.     As a direct result of the wage and hour violations herein alleged, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer substantial losses related to the use and enjoyment of wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligations under state law, all to Plaintiff's respective damage in amounts according to proof at the time of trial.

***Defendant's Misclassification of Non-Exempt Employees as Exempt Employees***

**Misclassification**

28.     To qualify as an exempt employee, California requires that an employee must be "primarily engaged in the duties that meet the test of the exemption" and "earns a monthly salary equivalent to no less than two times the state minimum wage for full-time employment. *Labor Code* §515.This forms the two-part test the employers must establish to properly exempt its employees from overtime laws: (1) the salary basis test and (2) the duties test.

29.     At all times during the Class Period, Plaintiff and the other members of the Misclassification Class spent over fifty percent (50%) of their working hours performing the duties of non-exempt employees. These duties Plaintiff performed included, but were not limited to working the cash register, greeting customers and responding to customer inquiries, performing makeup demonstrations, stocking product, and covering for breaks and lunches of non-exempt employees.

30.    These are duties they were expected to perform and thus these positions are not positions which involve work falling within any exception to the above-referenced Labor Code sections, the Unfair Practices Act and/or California Industrial Welfare Commission orders applicable to Defendants' business. Further, Plaintiff and the members of the Misclassification Class failed to meet the exemption requirements of California law. Plaintiff did not customarily and regularly exercise discretion and independent judgment nor have the authority to hire and/or fire employees nor make recommendations that were given particular weight. Defendants' uniform operations resulted in Plaintiff and the members of the Misclassification Class not exercising independent judgment and discretion nor having the requisite authority to meet the hire and fire prong..

31.    Plaintiff and members of the Misclassification Class were "non-exempt" employees and/or misclassified as "exempt" employees during the entirety of their respective employments, and performed their job duties in a "non-exempt" capacity pursuant to California *Labor Code* § 515.

32.    Plaintiff and members of the Misclassification Class were paid hourly and never paid for overtime. Defendant failed to properly classify Plaintiff and members of the Misclassification Class as non-exempt. Central to Plaintiff's position in the conjunctive nature of the test for an exemption in Wage Order 7.

33.    Plaintiff alleges that she has been and is currently classified as an "exempt" employee, however, she is paid hourly and performs her job duties in a "non-exempt" capacity.

34.    Specifically, Plaintiff is entitled to receive a salary of approximately $69,000 per year. However, Plaintiff is actually paid hourly as demonstrated by her pay statements. If Plaintiff works less than eighty (80) hours per pay period, her overall pay is reduced, and if she works more than eighty (80) hours per pay period, she still is only paid for eighty (8) hours.

CLASS ACTION FIRST AMENDED COMPLAINT

35.    As way of example, on Plaintiff's pay statement for the pay period of 11/25/2019-12/8/2019, Plaintiff was only paid for seventy-six (76) hours, and four (4) of these hours were taken from Plaintiff's accrued paid time off.

36.    Plaintiff accrues paid time off during each pay period, however, Plaintiff alleges that if she works less than the specified eighty (80) hours per pay period, her paid time off is used to cover the missed time. However, if Plaintiff does not have any remaining paid time off, she is then only paid for the number of hours she worked, which has been less than eighty (80) hours, as shown on the pay period of 11/25/2019-12/8/2019. If Plaintiff works more than the required eighty (80) hours per pay period, Plaintiff does not receive overtime, and is only paid for eighty (80) hours.

37.    Plaintiff does not meet the salary test, or the job duty test imposed by California courts. As such, Plaintiff does not meet an exemption specified under California law, including, the professional exemption. As a result of being misclassified, Plaintiff and other members of the Misclassification Class are entitled to unpaid overtime compensation.

38.    As a matter of company policy, practice, and procedure, Defendant has unlawfully, unfairly and/or deceptively treated Plaintiff and the other members of the Misclassification Class as exempt employees, failed to pay the required overtime compensation and otherwise failed to comply with all applicable labor laws with respect to Plaintiff and the other members of the Misclassification Class.

39.     By reason of this uniform exemption practice, policy and procedure applicable to the Plaintiff, Defendant committed acts of unfair competition in violation of the *Cal. Bus. & Prof. Code* § 17200 by engaging in a company-wide policy, practice and procedure which failed to properly classify Plaintiff and the other members of the Misclassification Class and thereby failed to pay them overtime wages for documented overtime hours worked.

40.    The proper classification of Plaintiff and the other members of the Misclassification Class is Defendant's' burden. Defendant had no business policy,

practice, or procedure to ensure that the Plaintiff and the other members of the Misclassification Class were properly classified as exempt, and in fact, as a matter of corporate policy erroneously and unilaterally misclassified many employees. As a result of Defendant's intentional disregard of the obligation to meet this burden, Defendant's failed to pay all required overtime compensation for work performed by Plaintiff and the other members of the Misclassification Class and violated the California *Labor Code* and regulations promulgated thereunder as herein alleged.

41.   Additionally, Defendant failed to provide all the legally required off-duty meal breaks to the Misclassification Class, including Plaintiff, as required by the applicable Wage Order and Labor Code. As a result of its willful misclassification, Defendant did not have a practice of providing meal breaks to Plaintiff and the other members of the Misclassification Class.

***Defendant's Failure to Provide Adequate Seating***

42.   At all times, relevant hereto, the applicable Wage Order, section 14(a), requires that "[a]ll working employees be provided with suitable seats when the nature of the work reasonably permits the use of seats." Section 14 (b) requires that "[w]hen employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties."

43.   Defendant willfully and knowingly failed to provide Plaintiff and members of the Plaintiff Class with suitable seats, although the nature of work, as a cashier, required standing for substantial periods of time.

44.   California *Labor Code* § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. By failing and refusing to provide seating to Plaintiffs and other Class Members in violation of the applicable Wage Order Section 14, Defendant has violated and continue to violate California *Labor Code* § 1198.

***Defendant's Failure to Provide Meal Breaks***

45. Plaintiff contends that when she and members of the Plaintiff Class worked shifts over five (5) hours or more in duration, Defendant routinely failed to provide timely meal breaks in compliance with State law. Such violations included a failure to provide meal periods before the completion of the employee's fifth hour of work. Plaintiff alleges that no compensation was paid for those types of violations. This is indicated on the Plaintiff's pay stubs.

46. Plaintiff alleges that throughout the Class Period, Defendant regularly:

    a. Failed to provide Plaintiff and the members of the Plaintiff Class with a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours;

    b. Failed to provide Plaintiff and the members of the Plaintiff Class with a second meal period of not less than thirty (30) minutes during which they are relieved of all duties before working more than ten (10) hours per day; and

    c. Failed to pay Plaintiff and the members of the Plaintiff Class one hour of pay at their regular rate of compensation for each workday that a meal period was not provided.

***Defendant's Failure to Provide Accurate Wage Statements***

47. Defendant failed to comply with California *Labor Code* §226(a) because the hours worked and meal breaks were incorrect as a result of the uniform, routine and systemic violations described above resulting in a violation of California *Labor Code* § 226(a). Further, Defendant failed to include accurate total hours worked on Plaintiff and Class Members' wage statements in violation of *Labor Code* § 226(a)(2).

***Facts Regarding Willfulness***

48. Plaintiff is informed and believes, and based thereon alleges, that Defendant is and was advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of

11

California wage and hour laws.

49.    Plaintiff is informed and believes, and based thereon alleges, that at all relevant times, Defendant had a consistent policy or practice of failing to compensate the Plaintiff Class members, including Plaintiff.

50.    Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendant knew or should have known, that the Plaintiff Class members, including Plaintiff, were and are entitled to compensated for all hours worked.

***Unfair Business Practices***

51.    Defendant has engaged in, and continues to engage in, unfair business practices in California by practicing, employing and utilizing the employment practices and policies outlined above.

52.    Defendant's utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendant's competitors.

53.    Defendant's utilization of such unfair business practices deprives Plaintiff and Class Members of the general minimum working standards and entitlements due them under California law and the Industrial Welfare Commission wage orders as described herein.

54.    As a direct result of the wage and hour violations herein alleged, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer substantial losses related to the use and enjoyment of wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligations under state law, all to Plaintiff's respective damage in amounts according to proof at the time of trial.

## CLASS ACTION ALLEGATIONS

55.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

56.    Plaintiff brings this action on behalf of herself and all others similarly situated as a class action, pursuant to the provisions of Federal Rules of Civil Procedure

23(a)(1)-(4) and 23(b)(1), (b)(2) or (b)(3) and satisfies the requirements thereof. The classes which Plaintiff seeks to represent are composed of, and defined as follows:

### Plaintiff Class

All persons who have been, or currently are, employed by Defendant and who held, or hold, job positions which Defendant has classified as "non-exempt" employees in the State of California during the Class Period (The Class Period is defined as the period from four years prior to the filing of this action through and including the date judgment is rendered in this matter). The term "non-exempt employee" refers to those who Defendant has classified as non-exempt from the overtime wage provisions of the California *Labor Code*.

### Misclassification Class

All members of the Plaintiff Class who have been, or currently are, employed by Defendant and who held, or hold, job positions which Defendant misclassified as "exempt" in the State of California during the Class Period. (The Class Period is defined as the period from four years prior to the filing of this action through and including the date judgment is rendered in this matter).

(Collectively "Plaintiff Class" or "Class Members")

57.    The Plaintiff and Misclassification Class are so numerous that the individual joinder of all members is impracticable. While the exact number and identification of the Plaintiff and Misclassification Class are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendant, Plaintiff is informed and believes that the class includes potentially hundreds of members.

///

13

58.     Common questions of law and fact exist as to all Class Members, and predominate over any questions affecting solely individual members of the class. Among the questions of law and fact, that are relevant to the adjudication of class members claims are as follows:

      a.     Whether Plaintiff and members of the Plaintiff Class are subject to and entitled to the benefits of California wage and hour statutes;

      b.     Whether Defendant had a standard policy of misclassifying "non-exempt" employees as "exempt";

      c.     Whether Defendant had a standard policy of failing to provide Plaintiff and members of the Plaintiff Class with adequate seating;

      d.     Whether Defendant had a standard policy of failing to provide Plaintiff and members of the Plaintiff Class with meal breaks pursuant to California law; and

      e.     Whether Defendant's conduct as alleged herein violates the Unfair Business Practices Act of California, *Bus. & Prof. Code* § 17200, *et seq.*

59.     The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff and the Misclassification Class. Plaintiff and Class Members sustained losses, injuries and damages arising from Defendant's common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff.  Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

60.     Plaintiff is an adequate representative of the proposed classes because she is a member of the class, and his interests do not conflict with the interests of the members she seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intend to prosecute this action vigorously for the benefit of the classes. The interests of the Class Members will fairly and adequately be protected by Plaintiff and his attorneys.

CLASS ACTION FIRST AMENDED COMPLAINT

61.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable.  It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individuals and repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims.  By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

62.    The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California *Code of Civil Procedure* § 382 because:

      a.    The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendant; and

      b.    The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

//
///
///
///
///

## FIRST CAUSE OF ACTION

## UNLAWFUL MISCLASSIFICATION OF NON-EXEMPT EMPLOYEES AS EXEMPT EMPLOYEES

## CAL. *LABOR CODE* § 515 AND CAL. CODE OF REGULATIONS, TITLE 8, § 11070

**(By Plaintiff and the Members of the Misclassification Class Against Defendant)**

63.    Plaintiff hereby re-alleges, and incorporates by reference as though set fully forth herein, the allegations contained above.

64.    Plaintiff was and is employed by Defendant as a Services Manager at the Hollywood and Highland location.

65.    Plaintiff was and has been misclassified as a salaried, exempt employee for the duration of her employment.

66.    Plaintiff and members of the Misclassification Class were "non-exempt" employees and/or misclassified as "exempt" employees during the entirety of their respective employments, and performed their job duties in a "non-exempt" capacity pursuant to California *Labor Code* § 515.

67.    California *Labor Code* § 515 states:

(a) The Industrial Welfare Commission may establish exemptions from the requirement that an overtime rate of compensation be paid pursuant to Sections 510 and 511 for executive, administrative, and professional employees, if the employee is primarily engaged in the duties that meet the test of the exemption, customarily and regularly exercises discretion and independent judgment in performing those duties, and earns a monthly salary equivalent to no less than two times the state minimum wage for full-time employment.

(c) For the purposes of subdivision (a), "full-time employment" means employment in which an employee is employed for 40 hours per week.

(d)(1) For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the

16

employee's regular hourly rate shall be 1/40th of the employee's weekly salary.

(2) Payment of a fixed salary to a nonexempt employee shall be deemed to provide compensation only for the employee's regular, non-overtime hours, notwithstanding any private agreement to the contrary.

(e) For the purposes of this section, "primarily" means more than one-half of the employee's worktime.

68.  Plaintiff was misclassified as a salaried, exempt employee, as Defendant only pays her for the number of hours worked. However, if Plaintiff works more than the required eighty (80) hours per pay period, Plaintiff does not receive overtime, and only is paid for eighty (80) hours. Thus, plaintiff works in a "non-exempt" capacity.

69.  Plaintiff and other members of the Misclassification Class were never paid on a salary basis as required under the applicable Wage Order and *Cal. Code. Regs. tit.* 8 § 11070. See *Negri v. Koning & Associates* (2013) 216 Cal. App. 4th 392 (quoting 29 C.F.R. § 541.602(a) and holding that an employee is paid on a "salary basis" if he or she "regularly receives each pay period on a weekly or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality of quantity of the work performed").

70.  Wage Order 7 Section 1 sets forth detailed requirements for three allowable exceptions: executive, administrative and professional. Further, Wage Order 7 provides that to qualify as exempt under any of these three categories the employee must be primarily engaged in exempt duties and earn a monthly *salary* equivalent to no less than two (2) times the state minimum wage for full-time employment.

71.  Wage Order 7 refers to compensation in the form of a "salary." It does not define the term. The regulation does not use a more generic term, such as "compensation" or "pay." Either of these terms would encompass hourly wages, a fixed annual salary, and anything in between. "Salary" is a more specific form of

17

compensation. A salary is generally understood to be a fixed rate of pay as distinguished from an hourly wage. Thus, use of the word "salary" implies that an exempt employee's pay must be something other than an hourly wage. California's Labor Commission noted in an opinion letter dated March 1, 2002, that the Division of Labor Standards Enforcement (DLSE) construes the IWC wage orders to incorporate the federal salary-basis test for purposes of determining whether an employee is exempt or nonexempt. (Dept. of Industrial Relations, DLSE Opn. Letter No. 2002.03.01 (Mar. 1, 2002) <http://www.dir.ca.gov/dlse/opinions/2002-03-01.pdf> [as of March 6, 2020.].

72.    Plaintiff does not meet the salary test, or the job duty test imposed by California courts.

73.    It is undisputed that Plaintiff received ay by the hour. Her pay was subject to variation from pay period to pay period based on the quantity of hours she worked. If she worked less than eighty (80) hours in a pay period, her pay was deducted by virtue of her "paid by the hour" status. Thus, Plaintiff did not receive, each pay period, a predetermined amount constituting her compensation that was not subject to reduction based on the number of hours worked.

74.    A salary employee is not compensated for the amount of time worked, but rather receives a fixed amount pursuant to *Labor Code* § 515 and *Negri v. Koning & Associates.*

75.    As way of example, on Plaintiff's pay statement with the pay period of 11/25/2019-12/8/2019, Plaintiff was only paid for seventy-six (76) hours, and four (4) of these hours were taken from Plaintiff's accrued paid time off. Further, Plaintiff alleges that more than 50% of her work time was and is non-managerial. Plaintiff alleges that she is only in the office one (1) to two (2) hours per shift, and her remaining time is spent on the floor, at the cash registers, in the fragrance department or greeting customers.

76.    As such, Plaintiff does not meet an exemption specified under California law, including, the professional exemption. As a result of being misclassified, Plaintiff

18

and other members of the Misclassification Class are entitled to unpaid overtime compensation.

77.     As a result of Plaintiff being compensated based upon the hours she worked, she did not receive a salary, and therefore, should not be categorized as exempt. Defendant failed to pay Plaintiff a guaranteed salary.

78.     Plaintiff seeks unpaid wages and interest in amounts to be proven at trial.

<u>**SECOND CAUSE OF ACTION**</u>

<u>**FAILURE TO PROVIDE ADEQUATE SEATING**</u>

<u>**CAL. *LABOR CODE* § 1198**</u>

**(By Plaintiff and the Members of the Plaintiff Class against Defendant)**

79.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

80.     Wage Order 7, Section 14, and regulations pertaining to Plaintiff, and members of the Plaintiff Class requires that all working employees be provided with suitable seats when the nature of work reasonably permits the use of seats. The Wage Order further requires that when employees are not engaged in the active duties of their employment and the nature of the work require standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties.

81.     By way of example, only, Plaintiff spends a significant amount her time as a cashier, which requires her to be standing for long periods of time.

82.     Plaintiff alleges, on information and belief, that the same conditions exist as to other Class Members who are employed in positions where the work requires long periods of standing.

83.     The work in positions, such as cashiers, and other similar positions, is conducive to allowing employees to sit in appropriate seating either while performing their duties or during those times when the work flow subsides and the employees are

waiting to perform additional duties.

84.     Despite the requirements of the Wage Order and regulations pertaining to such positions, Defendant has not and do not provide employees in these positions with adequate seating.

85.     Plaintiff alleges that the cashier area is very small, and even if employees required a seat, there would be no room to place the chair.

86.     California *Labor Code* § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. By failing and refusing to provide seating to Plaintiffs and other Class Members in violation of the applicable Wage Order Section 14, Defendant has violated and continue to violate California *Labor Code* § 1198.

87.     Wherefore, Plaintiff and Class Members are entitled to the penalties provided by law for violation of the Wage Order and regulations, and all other related remedies, in the amount to be determined at the time of trial.

## THIRD CAUSE OF ACTION

## MISSED MEAL BREAKS IN VIOLATION OF

## CALIFORNIA *LABOR CODE* §§ 200, 226.7, 512

**(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

88.     Plaintiff hereby re-alleges, and incorporates by reference as though set fully forth herein, the allegations contained above.

89.     For at least the four (4) years preceding the filing of this action, Defendant failed to provide meal breaks as required by law.

90.     California *Labor Code* § 226.7(a) provides that: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

91.     California *Labor Code* § 512 provides that: "An employee may not employ an employee for a work period of more than five hours per  day without providing the employee with a meal period of not less than 30 minutes, except that if

20

the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

92.    Additionally, when an employee works for a work period of more than five hours, a meal period must be provided no later than the end of the employee's fifth hour of work (in other words, no later than the start of the employee's sixth hour of work).

93.    Plaintiff alleges that Defendant routinely failed to provide meal periods in compliance with California law and failed to pay Plaintiff and the Class members the full statutory penalty for all missed meal periods. This includes first and second entitled meals.

94.    Wage Order7 Section 11(D) states "If an employer fails to provide an employee a meal period in the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation each day that the meal period is not provided."

95.    Plaintiff alleges that she and other Class Members never received any compensation for missed meal breaks.

96.    Defendant's conduct described herein violates the Industrial Welfare Commission Order and California *Labor Code* §§ 226, 226.7, 512, and 1198.

97.    As a proximate result of the aforementioned violations, Plaintiff and the Class Members have been damaged in an amount according to proof at time of trial and have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such monies, lost interest on such monies, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligations under state law. Plaintiff and the Class Members are thus entitled to recover nominal, actual,

compensatory and exemplary damages in amount according to proof at time of trial.

## FOURTH CAUSE OF ACTION

## FAILURE TO FURNISH AN ACCURATE ITEMIZED WAGE STATEMENT IN VIOLATION OF CALIFORNIA LABOR CODE § 226

### (by Plaintiff and the Members of the Plaintiff Class against Defendant)

98.   Plaintiff hereby re-alleges, and incorporates by reference as though set fully forth herein, the allegations contained above.

99.   California *Labor Code* § 226(a) sets forth reporting requirements for employers when they pay wages, as follows: "[e]very employer shall ... at the time of each payment of wages, furnish his or her employees ... an accurate itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee.... (5) net wages earned … (8) the name and address of the legal entity that is the employer… (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." (Emphasis added.) Section (e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorney's fees."

100.   Defendant failed to accurately, indicate the gross wages earned due to Defendant's systematic policies of providing missed meal breaks, and failing to provide meal break premiums.

101.   Additionally, the total hours worked were incorrect because Plaintiff frequently worked more than the stated eighty (80) hours indicated on her pay statements.

102.   Plaintiff and Class members were damaged by these failures because, among other things, the failures hindered Plaintiff and Class members from determining the amounts of wages actually owed to them.

103.   Plaintiff and Class members request recovery of California *Labor Code* § 226€ penalties according to proof, as well as interest, attorneys' fees and costs pursuant to California *Labor Code* § 226€, in a sum as provided by the Labor Code and/or other statutes.

104.   Wherefore, Plaintiff requests relief as hereinafter provided.

<u>**FIFTH CAUSE OF ACTION**</u>

<u>**VIOLATIONS OF CALIFORNIA**</u>

<u>***BUSINESS AND PROFESSIONS CODE* § 17200, etc.**</u>

**(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

105.   Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

106.   Section 17200 of the California *Business and Professions Code* prohibits any unlawful, unfair or fraudulent business act or practice.

107.   Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein.   Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer, injury in fact and monetary damages because of Defendant's actions.

108.   The actions by Defendant as herein alleged amount to conduct which is unlawful and a violation of law.   As such, said conduct amounts to unfair business practices in violation of California *Business and Professions* Code § 17200, *et seq.*

109.   Defendant's conduct as herein alleged has damaged Plaintiff and the members of the Plaintiff Class by denying them wages due to misclassifying employees. Defendant's actions are thus substantially injurious to Plaintiff and the members of the Plaintiff Class, causing them injury in fact and loss of money.

110.   Because of such conduct, Defendant has unlawfully and unfairly obtained monies due to the Plaintiff and the members of the Plaintiff Class.

111.   All members of the Plaintiff Class can be identified by reference to payroll and related records in the possession of the Defendant. The amount of wages due to Plaintiff and members of the Plaintiff Class can be readily determined from Defendant's records.  The Class Members are entitled to restitution of monies due and obtained by Defendant during the Class Period as a result of Defendant's unlawful and unfair conduct.

112.   During the Class Period, Defendant committed, and continues to commit, acts of unfair competition as defined by § 17200, *et seq.*, of the *Business and Professions Code*, by and among other things, engaging in the acts and practices described above.

113.   Defendant's course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and independent violation of § 17200, etc., of the *Business and Professions Code* in that it is fraudulent, improper and unfair.

114.   The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendant's policies and practices and therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of *Business and Professions Code* § 17200.

115.   Defendant's conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

116.   Defendant's course of conduct described herein further violates California *Business and Professions Code* § 17200 in that it is fraudulent, improper, and unfair.

117.   The unlawful, unfair, and fraudulent business practices and acts of Defendant as described herein-above have injured Plaintiff and members of the Plaintiff

Class in that they were wrongfully denied the timely and full payment of wages due to them.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA LABOR CODE §§ 2698, et seq. (PAGA)**

**(Against Defendant on behalf of Plaintiff and All Other Aggrieved Employees)**

118.    Plaintiff incorporates all preceding paragraphs as though fully set for herein.

119.    PAGA permits Plaintiff to recover civil penalties for the violation(s) of the Labor Code sections enumerated in California Labor Code §2699.5.

120.    PAGA provides as follows: "[n]otwithstanding any other provision of law, a Plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."

121.    Aggrieved Employees shall mean all employees who were or are employed by Defendant in California as "non-exempt employees" against whom one or more violations of any provision in Division 2 Part 2 Chapter 1 of the Labor Code or any provision regulating hours and days of work in the applicable Industrial Welfare Commission ("IWC") Wage Order were committed, as set forth in this complaint, at any time between one year prior to the filing of this complaint until judgment. As used in this definition, the term "non-exempt employee" refers to those whom Defendant has classified as non-exempt from the overtime wage provisions of the California Labor Code.

122.    Defendants' conduct, as alleged herein, violates numerous sections of the California Labor Code including, but not limited to, the following:

  a.    Failure to correctly classify Plaintiff and members of the Plaintiff Class as "non-exempt" employees;

  b.    Failure to provide Plaintiff and members of the Plaintiff Class with adequate seating;

25

c.  Failure to provide Plaintiff and members of the Plaintiff Class with meal breaks; and

d.  Failure to furnish accurate wage statements.

123.  California Labor Code § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

124.  California Labor Code §226(a) sets forth reporting requirements for employers when they pay wages, as follows:

"Every employer shall . . . at the time of each payment of wages, furnish his or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis. . . (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer."

125.  Section (e) provides:

"An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period,  not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorneys' fees."

26

126.   Defendants, at all times relevant to this complaint, were employers or persons acting on behalf of an employer(s) who violated Plaintiff and other aggrieved employees' rights by violating various sections of the California Labor Code as set forth above.

127.   As set forth above, Defendant has violated numerous provisions of both the Labor Code sections regulating hours and days of work as well as the applicable order of the IWC.  Accordingly, Plaintiffs seek the remedies set forth in California Labor Code for themselves, the State of California, and all other aggrieved employees.

128.   Pursuant to PAGA, and in particular California Labor Code §§ 2699(a), 2699.3, 2699.5 and 558, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of unpaid wages and civil penalties for Plaintiff, all other aggrieved employees, and the State of California against Defendants, in addition to other remedies, for violations of California Labor Code.

129.   California Labor Code § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California Labor Code § 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

130.   Plaintiff has complied with the procedures for bringing suit specified in California Labor Code § 2699.3 and SB 836.  By letter dated March 25, 2020,  Plaintiff, on behalf of herself and the other aggrieved employees, pursuant to California Labor Code § 2699.3, gave written notice by electronic submission to the Labor and Workforce Development Agency ("LWDA") and certified mail to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

131.   More than sixty-five (65) days have passed since the Notice to the LWDA and no response has been received.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Class Members pray for judgment as follows:

1. For an order certifying the proposed Plaintiff, and Misclassification Class;

2. An order that counsel for Plaintiff be appointed class counsel;

3. Certification of this class action on behalf of the proposed Plaintiff, and Misclassification Class,

4. Designation of Plaintiff as the class representative of the Plaintiff, and Misclassification Class;

5. For restitution of all monies due to Plaintiff and the members of the Plaintiff Class and disgorgement of all profits from the unlawful business practices of Defendant;

6. A declaration that Defendant's practices violate the California *Labor Code*, and applicable Wage Order;

7. Prejudgment and post judgment interest on all sums awarded

8. For compensatory damages;

9. For penalties pursuant to California *Labor Code* §§ 200, 203, 226, 510, 511, 1194.2, 1194.5, 2698-2699;

10. For interest accrued to date;

11. For costs of suit and expenses incurred herein pursuant to California *Labor Code* §§ 1194 and 2699 (g) (1);

12. For reasonable attorneys' fees pursuant to California *Labor Code* §§ 226,1194, and 2699 (g) (1); and,

13. A declaratory judgment that Defendant has knowingly and intentionally violated the following provisions of law:

    a.  California *Labor Code* §515, by unlawfully misclassifying non-exempt employees as exempt employees;

b.  California *Labor Code* § 1198 by failing to provide adequate seating;

c.  California *Labor Code* §§ 200, 226.7, 512, by failing to provide meal breaks;

d.  California *Labor Code* § 226, by failing to provide accurate itemized wage statements; and

e.  California *Business & Professions Code* §§ 17200-08 by violating the provisions set forth herein above.

14. For all such other and further relief that the Court may deem just and proper.

DATED: May 28, 2020                    **BRADLEY/GROMBACHER, LLP**


By  /s/ Marcus J. Bradley, Esq.
        Marcus J. Bradley, Esq.
        Kiley Lynn Grombacher, Esq.
        Lirit A. King, Esq.

        Attorneys for Plaintiff


## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all issues so triable as a matter of right.


DATED:  May 28, 2020                    **BRADLEY/GROMBACHER, LLP**


By  /s/ Marcus J. Bradley, Esq.
        Marcus J. Bradley, Esq.
        Kiley Lynn Grombacher, Esq.
        Lirit A. King, Esq.

        Attorneys for Plaintiff

CLASS ACTION FIRST AMENDED COMPLAINT