ANDREW R. LIVINGSTON (SBN 148646)
alivingston@orrick.com
ALEXANDRA H. STATHOPOULOS (SBN 286681)
astathopoulos@orrick.com
KOUROSH JAHANSOUZ (SBN 292559)
kjahansouz@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, California  94105-2669
Telephone:      +1-415-773-5700
Facsimile:       +1-415-773-5759

Attorneys for Defendant
SEPHORA USA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHARINE COUTURE, individually and on behalf of other individuals similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>SEPHORA USA, INC., a Michigan corporation; and DOES 1 through 100, inclusive,<br><br>                    Defendants. | Case No. 2:20-CV-07138-JAK-GJS<br><br><u>CLASS ACTION</u><br><br>**DEFENDANT SEPHORA USA, INC.'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant Sephora USA, Inc. ("Defendant") answers the Class Action First Amended Complaint ("Complaint") of Plaintiff Katharine Couture ("Plaintiff"), individually and on behalf of all others similarly situated, as follows:

## **INTRODUCTORY FACTUAL ALLEGATIONS**

1.      The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.      The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.      Defendant denies each and every allegation contained in paragraph 3 of Plaintiff's Complaint.

4.      Defendant denies each and every allegation contained in paragraph 4 of Plaintiff's Complaint.

5.      Defendant denies each and every allegation contained in paragraph 5 of Plaintiff's Complaint.

6.      Defendant denies each and every allegation contained in paragraph 6 of Plaintiff's Complaint.

7.      The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.      The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.      Defendant denies each and every allegation contained in paragraph 9 of Plaintiff's Complaint.

10.      Defendant denies each and every allegation contained in paragraph 10 of Plaintiff's Complaint.

DEF.'S ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 2:20-CV-07138-JAK-GJS

**JURISDICTION AND VENUE**

11.    The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations contained in paragraph 11 of Plaintiff's Complaint.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

12.    As to paragraph 12 of the Complaint, Defendant lacks sufficient knowledge and information to form a belief as to whether or not Plaintiff complied with the procedures of bringing suit specified in California Labor Code section 2699.3.

13.    Defendant admits that Plaintiff sent a notice letter to the Labor and Workforce Development Agency ("LWDA") and Defendant on or around March 24, 2020.  Except as so expressly admitted, Defendant denies each and every allegation contained in paragraph 13 of Plaintiff's Complaint.

14.    As to paragraph 14 of the Complaint, Defendant lacks sufficient knowledge and information to form a belief as to whether or not more than sixty-five (65) days have passed since the date the alleged notice was mailed to Defendant and the LWDA, and likewise lacks sufficient knowledge and information to form a belief as to whether or not the LWDA has notified Plaintiff of its intent to investigate Plaintiff's allegations.

**THE PARTIES**

15.    Defendant admits that Plaintiff is employed by Defendant in Los Angeles County, California at the Hollywood and Highland location.  As to paragraph 15 of the Complaint, Defendant lacks sufficient knowledge and information to form a belief as to whether or not Plaintiff Katharine Couture resides in Ventura County, California.  Except as so expressly admitted, Defendant denies each and every allegation contained in paragraph 15 of Plaintiff's Complaint.

16.    As to paragraph 16, Defendant denies that it is a Michigan corporation, but admits that it does business in California.  Except as so expressly admitted, Defendant denies each and every allegation contained in paragraph 16 of Plaintiff's Complaint.

17.    Defendant denies each and every allegation contained in paragraph 17 of

1    Plaintiff's Complaint.

2         18.    Defendant denies each and every allegation contained in paragraph 18 of

3    Plaintiff's Complaint.

4         19.    Defendant denies each and every allegation contained in paragraph 19 of

5    Plaintiff's Complaint.

6         20.    Defendant denies each and every allegation contained in paragraph 20 of

7    Plaintiff's Complaint.

8         21.    Defendant denies each and every allegation contained in paragraph 21 of

9    Plaintiff's Complaint.

10        22.    Defendant denies each and every allegation contained in paragraph 22 of

11   Plaintiff's Complaint.

12                                    **<u>FACTUAL ALLEGATIONS</u>**

13        23.    Defendant denies each and every allegation contained in paragraph 23 of

14   Plaintiff's Complaint.

15        24.    Defendant denies each and every allegation contained in paragraph 24 of

16   Plaintiff's Complaint.

17        25.    Defendant denies each and every allegation contained in paragraph 25 of

18   Plaintiff's Complaint.

19        26.    Defendant denies each and every allegation contained in paragraph 26 of

20   Plaintiff's Complaint.

21        27.    Defendant denies each and every allegation contained in paragraph 27 of

22   Plaintiff's Complaint.

23        28.    The allegations are legal conclusions containing no factual allegations and, thus,

24   Defendant is not required to admit or deny the allegations contained in paragraph 28 of Plaintiff's

25   Complaint.

26        29.    Defendant denies each and every allegation contained in paragraph 29 of

27   Plaintiff's Complaint.

28        30.    Defendant denies each and every allegation contained in paragraph 30 of

- 3 -

1   Plaintiff's Complaint.

2          31.    Defendant denies each and every allegation contained in paragraph 31 of

3   Plaintiff's Complaint.

4          32.    Defendant denies each and every allegation contained in paragraph 32 of

5   Plaintiff's Complaint.

6          33.    Defendant denies each and every allegation contained in paragraph 33 of

7   Plaintiff's Complaint.

8          34.    Defendant denies each and every allegation contained in paragraph 34 of

9   Plaintiff's Complaint.

10         35.    Defendant denies each and every allegation contained in paragraph 35 of

11  Plaintiff's Complaint.

12         36.    Defendant denies each and every allegation contained in paragraph 36 of

13  Plaintiff's Complaint.

14         37.    Defendant denies each and every allegation contained in paragraph 37 of

15  Plaintiff's Complaint.

16         38.    Defendant denies each and every allegation contained in paragraph 38 of

17  Plaintiff's Complaint.

18         39.    Defendant denies each and every allegation contained in paragraph 39 of

19  Plaintiff's Complaint.

20         40.    Defendant denies each and every allegation contained in paragraph 40 of

21  Plaintiff's Complaint.

22         41.    Defendant denies each and every allegation contained in paragraph 41 of

23  Plaintiff's Complaint.

24         42.    The allegations are legal conclusions containing no factual allegations and, thus,

25  Defendant is not required to admit or deny the allegations contained in paragraph 42 of Plaintiff's

26  Complaint.

27         43.    Defendant denies each and every allegation contained in paragraph 43 of

28  Plaintiff's Complaint.

44.    The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.    Defendant denies each and every allegation contained in paragraph 45 of Plaintiff's Complaint.

46.    Defendant denies each and every allegation contained in paragraph 46 of Plaintiff's Complaint.

47.    Defendant denies each and every allegation contained in paragraph 47 of Plaintiff's Complaint.

48.    Defendant admits that Defendant was advised by individuals with knowledge of the requirements of California wage and hour laws.  Except as so expressly admitted, Defendant denies each and every allegation contained in paragraph 48 of Plaintiff's Complaint.

49.    Defendant denies each and every allegation contained in paragraph 49 of Plaintiff's Complaint.

50.    Defendant denies each and every allegation contained in paragraph 50 of Plaintiff's Complaint.

51.    Defendant denies each and every allegation contained in paragraph 51 of Plaintiff's Complaint.

52.    Defendant denies each and every allegation contained in paragraph 52 of Plaintiff's Complaint.

53.    Defendant denies each and every allegation contained in paragraph 53 of Plaintiff's Complaint.

54.    Defendant denies each and every allegation contained in paragraph 54 of Plaintiff's Complaint.

## CLASS ACTION ALLEGATIONS

55.    Defendant denies each and every allegation contained in paragraph 55 of Plaintiff's Complaint.

56.    The allegations are legal conclusions containing no factual allegations and, thus,

1   Defendant is not required to admit or deny the allegations contained in paragraph 56 of Plaintiff's
2   Complaint.

3        57.     Defendant denies each and every allegation contained in paragraph 57 of
4   Plaintiff's Complaint.

5        58.     Defendant denies each and every allegation contained in paragraph 58 of
6   Plaintiff's Complaint.

7        59.     Defendant denies each and every allegation contained in paragraph 59 of
8   Plaintiff's Complaint.

9        60.     Defendant denies each and every allegation contained in paragraph 60 of
10  Plaintiff's Complaint.

11       61.     Defendant denies each and every allegation contained in paragraph 61 of
12  Plaintiff's Complaint.

13       62.     The allegations are legal conclusions containing no factual allegations and, thus,
14  Defendant is not required to admit or deny the allegations contained in paragraph 62 of Plaintiff's
15  Complaint..

## FIST CAUSE OF ACTION

## UNLAWFUL MISCLASSIFICATION OF NON-EXEMPT EMPLOYEES AS EXEMPT EMPLOYEES

## CAL. LABOR CODE § 515, CCR TITLE 8, § 11070

20       63.     Defendant denies each and every allegation contained in paragraph 63 of
21  Plaintiff's Complaint.

22       64.     Defendant admits that Plaintiff was and is employed by Defendant at the
23  Hollywood and Highland location.  Except as so expressly admitted, Defendant denies each and
24  every allegation contained in paragraph 64 of Plaintiff's Complaint

25       65.     Defendant denies each and every allegation contained in paragraph 65 of
26  Plaintiff's Complaint.

27       66.     Defendant denies each and every allegation contained in paragraph 66 of
28  Plaintiff's Complaint.

DEF.'S ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 2:20-CV-07138-JAK-GJS

67.    The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations contained in paragraph 67 of Plaintiff's Complaint.

68.    Defendant denies each and every allegation contained in paragraph 68 of Plaintiff's Complaint.

69.    Defendant denies each and every allegation contained in paragraph 69 of Plaintiff's Complaint.

70.    The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations contained in paragraph 70 of Plaintiff's Complaint.

71.    The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations contained in paragraph 71 of Plaintiff's Complaint.

72.    The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations contained in paragraph 72 of Plaintiff's Complaint.

73.    Defendant denies each and every allegation contained in paragraph 77 of Plaintiff's Complaint.

74.    The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations contained in paragraph 74 of Plaintiff's Complaint.

75.    Defendant denies each and every allegation contained in paragraph 75 of Plaintiff's Complaint.

76.    Defendant denies each and every allegation contained in paragraph 76 of Plaintiff's Complaint.

77.    Defendant denies each and every allegation contained in paragraph 77 of Plaintiff's Complaint.

78.    The allegations are legal conclusions containing no factual allegations and, thus,

1  Defendant is not required to admit or deny the allegations contained in paragraph 78 of Plaintiff's
2  Complaint.

3  ## SECOND CAUSE OF ACTION

4  ### FAILURE TO PROVIDE ADEQUATE SEATING

5  ### CALIFORNIA LABOR CODE § 1198

6  79.    Defendant denies each and every allegation contained in paragraph 79 of
7  Plaintiff's Complaint.

8  80.    The allegations are legal conclusions containing no factual allegations and, thus,
9  Defendant is not required to admit or deny the allegations contained in paragraph 80 of Plaintiff's
10  Complaint.

11  81.    Defendant denies each and every allegation contained in paragraph 81 of
12  Plaintiff's Complaint.

13  82.    Defendant denies each and every allegation contained in paragraph 82 of
14  Plaintiff's Complaint.

15  83.    Defendant denies each and every allegation contained in paragraph 83 of
16  Plaintiff's Complaint.

17  84.    Defendant denies each and every allegation contained in paragraph 84 of
18  Plaintiff's Complaint.

19  85.    Upon information and belief, Defendant denies each and every allegation
20  contained in paragraph 85 of Plaintiff's Complaint.

21  86.    Defendant denies each and every allegation contained in paragraph 86 of
22  Plaintiff's Complaint.

23  87.    The allegations are legal conclusions containing no factual allegations and, thus,
24  Defendant is not required to admit or deny the allegations contained in paragraph 87 of Plaintiff's
25  Complaint.

26  ## THIRD CAUSE OF ACTION

27  ### MISSED MEAL BREAKS IN VIOLATION OF

28  ### CALIFORNIA LABOR CODE §§ 200, 226.7, 512

DEF.'S ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 2:20-CV-07138-JAK-GJS

88.    Defendant denies each and every allegation contained in paragraph 88 of Plaintiff's Complaint.

89.    Defendant denies each and every allegation contained in paragraph 89 of Plaintiff's Complaint.

90.    The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations contained in paragraph 90 of Plaintiff's Complaint.

91.    The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations contained in paragraph 91 of Plaintiff's Complaint.

92.    The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations contained in paragraph 92 of Plaintiff's Complaint.

93.    Defendant denies each and every allegation contained in paragraph 93 of Plaintiff's Complaint.

94.    The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations contained in paragraph 94 of Plaintiff's Complaint.

95.    Defendant denies each and every allegation contained in paragraph 95 of Plaintiff's Complaint.

96.    The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations contained in paragraph 96 of Plaintiff's Complaint.

97.    Defendant denies each and every allegation contained in paragraph 97 of Plaintiff's Complaint.

**FOURTH CAUSE OF ACTION**

**FAILURE TO FURNISH AN ACCURATE ITEMIZED WAGE STATEMENT**

**IN VIOLATION OF CALIFORNIA LABOR CODE § 226**

1    98.    Defendant denies each and every allegation contained in paragraph 98 of
2    Plaintiff's Complaint.

3    99.    The allegations are legal conclusions containing no factual allegations and, thus,
4    Defendant is not required to admit or deny the allegations contained in paragraph 99 of Plaintiff's
5    Complaint.

6    100.    Defendant denies each and every allegation contained in paragraph 100 of
7    Plaintiff's Complaint.

8    101.    Defendant denies each and every allegation contained in paragraph 101 of
9    Plaintiff's Complaint.

10    102.    Defendant denies each and every allegation contained in paragraph 102 of
11    Plaintiff's Complaint.

12    103.    The allegations are legal conclusions containing no factual allegations and, thus,
13    Defendant is not required to admit or deny the allegations contained in paragraph 103 of
14    Plaintiff's Complaint.

15    104.    The allegations are legal conclusions containing no factual allegations and, thus,
16    Defendant is not required to admit or deny the allegations contained in paragraph 104 of
17    Plaintiff's Complaint.

18    **FIFTH CAUSE OF ACTION**

19    **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200**

20    105.    Defendant denies each and every allegation contained in paragraph 105 of
21    Plaintiff's Complaint.

22    106.    The allegations are legal conclusions containing no factual allegations and, thus,
23    Defendant is not required to admit or deny the allegations contained in paragraph 106 of
24    Plaintiff's Complaint.

25    107.    Defendant denies each and every allegation contained in paragraph 107 of
26    Plaintiff's Complaint.

27    108.    Defendant denies each and every allegation contained in paragraph 108 of
28    Plaintiff's Complaint.

DEF.'S ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 2:20-CV-07138-JAK-GJS

1       109.    Defendant denies each and every allegation contained in paragraph 109 of

2   Plaintiff's Complaint.

3       110.    Defendant denies each and every allegation contained in paragraph 110 of

4   Plaintiff's Complaint.

5       111.    Defendant denies each and every allegation contained in paragraph 111 of

6   Plaintiff's Complaint.

7       112.    Defendant denies each and every allegation contained in paragraph 112 of

8   Plaintiff's Complaint.

9       113.    The allegations are legal conclusions containing no factual allegations and, thus,

10   Defendant is not required to admit or deny the allegations contained in paragraph 113 of

11   Plaintiff's Complaint.

12       114.    Defendant denies each and every allegation contained in paragraph 114 of

13   Plaintiff's Complaint.

14       115.    Defendant denies each and every allegation contained in paragraph 115 of

15   Plaintiff's Complaint.

16       116.    Defendant denies each and every allegation contained in paragraph 116 of

17   Plaintiff's Complaint.

18       117.    Defendant denies each and every allegation contained in paragraph 117 of

19   Plaintiff's Complaint.

20   **SIXTH CAUSE OF ACTION**

21   **VIOLATION OF CALIFORNIA LABOR CODE § 2698 (PAGA)**

22       118.    Defendant denies each and every allegation contained in paragraph 118 of

23   Plaintiff's Complaint.

24       119.    The allegations are legal conclusions containing no factual allegations and, thus,

25   Defendant is not required to admit or deny the allegations contained in paragraph 119 of

26   Plaintiff's Complaint.

27       120.    The allegations are legal conclusions containing no factual allegations and, thus,

28   Defendant is not required to admit or deny the allegations contained in paragraph 120 of

1    Plaintiff's Complaint

2        121.    The allegations are legal conclusions containing no factual allegations and, thus,

3    Defendant is not required to admit or deny the allegations contained in paragraph 121 of

4    Plaintiff's Complaint.

5        122.    Defendant denies each and every allegation contained in paragraph 122 of

6    Plaintiff's Complaint.

7        123.    The allegations are legal conclusions containing no factual allegations and, thus,

8    Defendant is not required to admit or deny the allegations contained in paragraph 123 of

9    Plaintiff's Complaint.

10        124.    The allegations are legal conclusions containing no factual allegations and, thus,

11    Defendant is not required to admit or deny the allegations contained in paragraph 124 of

12    Plaintiff's Complaint.

13        125.    The allegations are legal conclusions containing no factual allegations and, thus,

14    Defendant is not required to admit or deny the allegations contained in paragraph 125 of

15    Plaintiff's Complaint.

16        126.    Defendant denies each and every allegation contained in paragraph 126 of

17    Plaintiff's Complaint.

18        127.    Defendant denies each and every allegation contained in paragraph 127 of

19    Plaintiff's Complaint.

20        128.    The allegations are legal conclusions containing no factual allegations and, thus,

21    Defendant is not required to admit or deny the allegations contained in paragraph 128 of

22    Plaintiff's Complaint.

23        129.    The allegations are legal conclusions containing no factual allegations and, thus,

24    Defendant is not required to admit or deny the allegations contained in paragraph 129 of

25    Plaintiff's Complaint.

26        130.    Defendant admits that Plaintiff sent a notice letter to the Labor and Workforce

27    Development Agency ("LWDA") and Defendant on or around March 24, 2020.  Except as so

28    expressly admitted, Defendant denies each and every allegation contained in paragraph 130 of

Plaintiff's Complaint.

131.    As to paragraph 131 of the Complaint, Defendant lacks sufficient knowledge and information to form a belief as to whether or not more than sixty-five (65) days have passed since the date the alleged notice was mailed to Defendant and the LWDA, and likewise lacks sufficient knowledge and information to form a belief as to whether or not the LWDA has notified Plaintiff of its intent to investigate Plaintiff's allegations.

## PRAYER FOR RELIEF

1.    Defendant denies each and every allegation contained in paragraph 1 of Plaintiff's Complaint.

2.    Defendant denies each and every allegation contained in paragraph 2 of Plaintiff's Complaint.

3.    Defendant denies each and every allegation contained in paragraph 3 of Plaintiff's Complaint.

4.    Defendant denies each and every allegation contained in paragraph 4 of Plaintiff's Complaint.

5.    Defendant denies each and every allegation contained in paragraph 5 of Plaintiff's Complaint.

6.    Defendant denies each and every allegation contained in paragraph 6 of Plaintiff's Complaint.

7.    Defendant denies each and every allegation contained in paragraph 7 of Plaintiff's Complaint.

8.    Defendant denies each and every allegation contained in paragraph 8 of Plaintiff's Complaint.

9.    Defendant denies each and every allegation contained in paragraph 9 of Plaintiff's Complaint.

10.    Defendant denies each and every allegation contained in paragraph 10 of Plaintiff's Complaint.

11.    Defendant denies each and every allegation contained in paragraph 11 of

DEF.'S ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 2:20-CV-07138-JAK-GJS

Plaintiff's Complaint.

12.    Defendant denies each and every allegation contained in paragraph 12 of Plaintiff's Complaint.

13.    Defendant denies each and every allegation contained in paragraph 13 of Plaintiff's Complaint.

14.    Defendant denies each and every allegation contained in paragraph 14 of Plaintiff's Complaint.

## DEFENSES

### First Defense

### Failure to State a Claim

1.    As a separate defense to the Complaint, Defendant alleges that the Complaint and each purported cause of action therein fails to state a claim upon which relief may be granted.

### Second Defense

### Exempt Employees

2.    As a separate defense to the Complaint, Plaintiff's claims and/or those of the collective group and class she seeks to represent are barred in whole or in part because certain job categories held by Plaintiff and those she purports to represent are and/or were exempt from applicable federal and state law, including, but not limited to, the executive and administrative exemptions.

### Third Defense

### Ordinary Care and Diligence

3.    As a separate defense to the Complaint, Defendant alleges that the Plaintiff and/or the purported class have failed to comply with California Labor Code sections 2854, 2856, 2858 and 2859, respectively, to the extent that they failed to use ordinary care and diligence in the performance of the their duties, failed to substantially comply with the reasonable directions of their alleged employer, and failed to exercise a reasonable degree of skill in performing their job duties. Should it be found that Plaintiff for any putative class or collective group member was not performing primarily exempt duties, the employee failed to exercise reasonable care and

1    misperformed the duties of the position.

2                                 **Fourth Defense**

3                                  **Good Faith**

4          4.      As a separate defense to the Complaint and to each cause of action therein, the

5    claims of Plaintiff and/or the members of the class she purports to represent for injunctive relief,

6    disgorgement, and restitution are barred, in whole or in part because any act or omission of

7    Defendant allegedly giving rise to Plaintiff's claims were in good faith.

8                                  **Fifth Defense**

9                               **Failure to Exhaust**

10         5.      As a separate defense to the Complaint, Defendant alleges that Plaintiff and/or the

11   purported collective group and class are not entitled to equitable relief because they have failed to

12   avail themselves of or exhaust plain, adequate, or complete remedies at law available to them

13   under applicable state and federal law.

14                                 **Sixth Defense**

15                                   **Standing**

16         6.      As a separate defense to the Complaint, Defendant alleges that the claims of

17   Plaintiff and/or those of the class they purport to represent are barred because Plaintiff lacks

18   standing to assert them.

19                               **Seventh Defense**

20                             **Statute of Limitations**

21         7.      As a separate defense to the Complaint, Defendant alleges that Plaintiff's claims

22   and/or those of the class they purport to represent are barred in whole or in part by the applicable

23   statutes of limitation, including, but not limited to California Code of Civil Procedure sections

24   337, 338, 339, 340 and 343 and Business and Professions Code section 17208.

25                                 **Eighth Defense**

26                                   **Payment**

27         8.      As a separate defense to the Complaint, Defendant alleges that Plaintiff's claims

28   and/or those of the class they purports to represent are barred because Plaintiff and/or those of the

1    class they purports to represent have been paid all wages due and owed.

2    **Ninth Defense**

3    **Accord and Satisfaction**

4    9.    As a separate defense to the Complaint, Defendant alleges that Plaintiff's claims

5    and/or those of the class they purports to represent are barred by the doctrine of accord and

6    satisfaction.

7    **Tenth Defense**

8    **Failure to Mitigate Damages**

9    10.    As a separate defense to the Complaint, Defendant alleges that Plaintiff and/or

10   members of the class they purports to represent failed and continue to fail to mitigate or avoid

11   their damages, it any, and, as a result, their recovery under the Complaint and each purported

12   cause of action therein should be barred or decreased.

13   **Eleventh Defense**

14   **Unclean Hands, Laches, Estoppel, and Waiver**

15   11.    As a separate defense to the Complaint, Defendant alleges that Plaintiff's claims

16   and/or those of the members of the class they purports to represent are barred by the doctrines of

17   unclean hands, laches, estoppel, and/or waiver.

18   **Twelfth Defense**

19   **No Willful Actions**

20   12.    As a separate defense to the Complaint, the claims of Plaintiff and/or the members

21   of the class they purport to represent are barred because Defendant's actions were not "willful."

22   **Thirteenth Defense**

23   **Good Faith Dispute**

24   13.    As a separate defense to the Complaint, Defendant alleges that the claims of

25   Plaintiff and/or the members of the class they purport to represent should be denied because of a

26   good faith dispute exists as to whether any wages are due.

27   **Fourteenth Defense**

28   **Failure to Return to Office for Payment of Wages**

- 16 -

14.     As a separate defense to the Complaint, Defendant alleges that the claims of Plaintiff and/or the members of the class they purport to represent for waiting time penalties should be denied because Plaintiff and/or the members of the class they purport to represent failed to return to the office in which they worked for payment of wages as required by applicable state and federal law, including but not limited to Labor Code section 208 thereto.

**Fifteenth Defense**

**Settlement**

15.     As a separate defense to the Complaint, Defendant alleges that Plaintiff and/or members of the alleged class of persons which Plaintiff purports to represent are precluded from recovering any amounts from Defendant because Defendant has paid Plaintiff and/or members of the alleged class of persons which Plaintiff purports to represent, all sums legally due under California and/or federal law, as applicable, and/or Plaintiff and/or any member of the alleged class which Plaintiff purports to represent has executed a compromise and release of any claims asserted in this lawsuit and, accordingly, such claims are barred by the doctrines of compromise, settlement, waiver, accord, satisfaction, set off, and/or release.

**Sixteenth Defense**

**Failure to State a Claim Re Damages, Costs, Fees**

16.     As a separate defense to the Complaint, Defendant alleges that the Complaint fails to state a claim for which relief may be granted that provides for compensatory, consequential or liquidated damages, or any other damages, costs or fees allowed by state and/or federal law, as applicable.

**Seventeenth Defense**

**Unconstitutional**

17.     As a separate defense to the Complaint and each cause of action therein, to the extent Plaintiff seeks civil money penalties, such claims are unconstitutional under federal and/or state constitutional provisions of due process, equal protection, and/or excessive fines clauses.

**Eighteenth Defense**

**Offset**

DEF.'S ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 2:20-CV-07138-JAK-GJS

18.     As a separate defense to the Complaint, Defendant alleges that if any damages have been sustained by Plaintiff and/or the members of the class they purport to represent, although such is not admitted and is specifically denied, Defendant is entitled by equity to offset all time Defendant voluntarily paid for not worked by Plaintiff and/or the members of the class they purport to represent, against any judgment that may be entered against Defendant.

**Nineteenth Defense**

**Res Judicata and/or Collateral Estoppel**

19.     As a separate defense to the Complaint, Defendant alleges that Plaintiff and/or the members of the class they purport to represent are barred by the doctrine of res judicata and/or collateral estoppel.

**Twentieth Defense**

**Adequate Remedy**

20.     As a separate defense to the Complaint, Defendant alleges that Plaintiff's claims and the claims made by the members of the class they purport to represent for equitable relief are barred because Plaintiff has an adequate remedy at law for her claims.

**Twenty-First Defense**

**No Competent Plaintiff**

21.     As a separate defense to the Complaint, Defendant alleges that Plaintiff and the members of the class they purport to represent are not an appropriate class or collective representative.

**Twenty-Second Defense**

**Negligence**

22.     As a separate defense to the Complaint, to the extent any damages were sustained by Plaintiff and/or the members of the class they purport to represent, which is expressly denied by Defendant, such damages were either wholly or in part caused by Plaintiff's own action, inaction, or delay in action, or that of the members of the class they purport to represent.

**Twenty-Third Defense**

**Timely Demand for Wages Payable**

DEF.'S ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 2:20-CV-07138-JAK-GJS

23.    As a separate defense to the Complaint, Plaintiff and the members of the class they purport to represent failed to timely make a demand in writing for wages due and payable.

### Twenty-Fourth Defense

### No Liquidated Damages

24.    As a separate defense to the Complaint, Plaintiff and/or the members of the class they purport to represent may not recover liquidated damages because (1) Defendant and all of its officers, directors, managers or agents acted at all times in good faith and did not commit any willful violation of the FLSA or any applicable state laws; (2) Defendant (including its officers, directors, managers or agents) did not authorize or ratify any such willful violation; and (3) Plaintiff and/or the putative classes have failed to state facts sufficient to support an award of such damages against Defendant.

### Twenty-Fifth Defense

### No Recovery of Amounts Due and Paid

25.    As a separate defense to the Complaint, Plaintiff and/or the members of the class they purport to represent are precluded from recovering any amounts from Defendant where Defendant has paid all sums legally due under the FLSA and applicable state law.

### Twenty-Sixth Defense

### Consent, Ratification

26.    As a separate defense to the Complaint, Defendant alleges that Plaintiff and the members of the class they purport to represent consented to and/or ratified some or all of the actions now complained of.

### Twenty-Seventh Defense

### Requirements for Class or Collective Action

27.    As a separate defense to the Complaint, Defendant alleges that Plaintiff and the members of the class they purport to represent cannot satisfy the requirements for a class or collective action under applicable law.

### Twenty-Eighth Defense

### Misconduct

Def.'s Answer to First Amended Complaint
Case No. 2:20-cv-07138-JAK-GJS

28.     As a separate defense to the Complaint, Defendant alleges that Plaintiff and the members of the class they purport to represent engaged in willful misconduct which precludes maintenance of this action and was a proximate cause of the claimed damages, if any damages were sustained.

### Thirty-Ninth Defense

### Unjust Enrichment

29.     As a separate defense to the Complaint, Defendant alleges that the claims of Plaintiff and the members of the class they purport to represent are barred because any recovery from Defendant would result in unjust enrichment.

### Thirtieth Defense

### Privileged and Justified

30.     As a separate defense to the Complaint, Defendant alleges that any alleged action which it took was privileged and justified.

### Thirty-First Defense

### No Causation

31.     As a separate defense to the Complaint, Defendant alleges any alleged conduct or omission by any Defendant was not the cause in fact or proximate cause of any injury alleged by Plaintiff and/or the members of the class they purport to represent.

### Thirty-Second Defense

### Reservation of Rights

32.     As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that Plaintiff and the purported class are not entitled to recover any civil penalties because, under the facts and circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or confiscatory.

### Thirty-Third Defense

### Recovery of Penalties

33.     As a separate defense to the Complaint and to each cause of action therein, Defendant presently has insufficient knowledge or information on which to form a belief as to

DEF.'S ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 2:20-CV-07138-JAK-GJS

1  whether it has or may have additional, as yet unstated, defenses available and, therefore, reserves

2  the right to assert additional affirmative defenses in the event discovery indicates that they would

3  be appropriate.

4  **PRAYER**

5       WHEREFORE, Defendant prays for the following relief:

6       1.      That the Complaint be dismissed with prejudice and that Plaintiff and the members

7  of the class they purport to represent take nothing thereby;

8       2.      For Defendant's cost of suit herein, including reasonable attorneys' fees; and

9       3.      For such other and further relief as the Court deems just.

10

11  Dated: September 21, 2020              ANDREW R. LIVINGSTON
                                          ALEXANDRA H. STATHOPOULOS
12                                        KOUROSH JAHANSOUZ
                                          Orrick, Herrington & Sutcliffe LLP

13

14                                        By:      */s/ Andrew R. Livingston*
                                               ANDREW R. LIVINGSTON
15                                             Attorneys for Defendant

16

17

18

19

20

21

22

23

24

25

26

27

28